IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL HURWITZ, HARRIET HURWITZ & ROSALIE SHERMAN | : | CIVIL ACTION |
| | : | **18    1253** |
| *Plaintiffs* | : | JURY TRIAL DEMANDED |
| v. | : | |
| LG ELECTRONICS U.S.A., INC. | : | |
| *Defendant* | : | NO. |

## NOTICE OF REMOVAL

Defendant, LG Electronics, U.S.A., Inc., by and through its attorneys, hereby removes this action from the Court of Common Pleas of Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§1332, 1441 and 1446. The basis for the removal of this action is that there is diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

In support of its removal, Defendant states:

1. A Civil Action seeking to recover monetary damages has been commenced by the Plaintiffs in the Court of Common Pleas of Philadelphia County, Pennsylvania, wherein Joel Hurwitz, Harriet Hurwitz and Rosalie Sherman are the Plaintiffs, and LG Electronics U.S.A., Inc. ("LGEUS") is a Defendant, and which action is numbered Court of Common Pleas of Philadelphia County, October Term, 2017, No. 0832. A copy of Plaintiffs' Complaint is attached hereto, made a part hereof, and marked as Exhibit "A".

2. Upon information and belief, Plaintiffs effectuated service of the Complaint on LGEUS on or about March 5. 2018.

3. This Notice of Removal is being filed within thirty (30) days after receipt of the Complaint on LGEUS. Therefore, removal is timely under 28 U.S.C. §1446(b).

4. A civil action brought in a State Court over which the District Courts of the United States have original jurisdiction may be removed by the Defendants to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. §1441(a).

5. This litigation is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Plaintiffs were at the time of filing of their Complaint, and are presently, citizens of the Commonwealth of Pennsylvania, residing therein at 280 Cranberry Drive, Huntingdon Valley, PA, 19006. *See* Exhibit "A", ¶1. As such, Plaintiffs are citizens of the Commonwealth of Pennsylvania.

7. Defendant, LGEUS was, at the time of filing of the Complaint and is presently, a corporate entity organized and existing under the laws of the State of Delaware, with its principle place of business in Englewood Cliffs, New Jersey, 07632. As such LGEUS is a citizen of both New Jersey and Delaware.

8. Plaintiffs allege that a defective dehumidifier supplied by Defendant caused a fire in their home. *See* Exhibit "A".

9. Plaintiffs allege that as a result of the fire, Joel Hurwitz was caused to suffer respiratory injuries in his throat, low oxygen levels and anxiety. *See* Exhibit "A", at ¶ 29.

10. Plaintiffs allege that as a result of the fire, Rosalie Sherman was caused to suffer "smoke inhalation and chest pains." *See* Exhibit "A", at ¶29.

11. Plaintiffs further allege that as a result of the fire, Joel Hurwitz and Rosalie Sherman sustained personal injuries, had pain and suffering and loss of life's pleasures, suffer from anxiety, and have had expenses for medical treatment and medication. *See* Exhibit "A" at ¶30.

12. Plaintiffs further allege that Joel Hurwitz and Harriet Hurwitz are co-owners of the subject property and its contents and that they suffered losses to the property and their personal property that was in excess of and/or not covered by their homeowner's insurance and also lost a great deal of irreplaceable items such as family heirlooms and photographs. *See* Exhibit "A" at ¶31.

13. Plaintiffs further allege that the fire destroyed their home, caused them to lose the use and enjoyment of their property, caused inconvenience and discomfort and required them to live in temporary housing. *See* Exhibit "A" at ¶32-34.

14. Based on the damages claimed in Plaintiffs' Complaint, and upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Venue is appropriate under 28 U.S.C. §1391 because this judicial district is where the cause of action arose.

16. Written notice of the filing of the petition for removal has been given to plaintiffs' counsel in accordance with 28 U.S.C. §1446(d) promptly with the filing of the instant pleading in Federal Court.

17. A copy of the Notice of Removal is being filed simultaneously with the Court of Common Pleas of Philadelphia County in accordance with 28 U.S.C. §1446(d).

18. Defendant is entitled to remove this action pursuant to 28 U.S.A. §1441, et seq.

**WHEREFORE,** Defendant, LGEUS requests that the aforesaid Philadelphia County Court of Common Pleas Action captioned as aforesaid, be removed from that Court to the Federal District Court in and for the Eastern District of Pennsylvania for trial and determination of all issues for the reasons stated above.

          **SWEENEY & SHEEHAN, P.C.**

By: _/s/ Warren E. Voter_
      Warren E. Voter
      Identification No. 38410
      Attorney for Defendant,
      LG Electronics U.S.A., Inc.
      19th Floor, 1515 Market Street
      Philadelphia, PA 19102
      (215) 563-9811 – Telephone
      (215) 557-0999 – Facsimile
      warren.voter@sweeneyfirm.com

DATE: MARCH 26, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL HURWITZ, HARRIET HURWITZ & ROSALIE SHERMAN | : | CIVIL ACTION |
| *Plaintiffs* | : | JURY TRIAL DEMANDED |
| v. | : | |
| LG ELECTRONICS U.S.A., INC. | : | |
| *Defendant* | : | NO. |

### PROOF OF FILING

I, **WARREN E. VOTER,** hereby certify that the foregoing **NOTICE OF REMOVAL** was forwarded to be filed with the Court of Common Pleas of Philadelphia County on MARCH 26, 2018.

_____
WARREN E. VOTER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL HURWITZ, HARRIET HURWITZ & ROSALIE SHERMAN | : | CIVIL ACTION |
| *Plaintiffs* | : | JURY TRIAL DEMANDED |
| v. | : | |
| LG ELECTRONICS U.S.A., INC. | : | |
| *Defendant* | : | NO. |

## PROOF OF SERVICE

I, **WARREN E. VOTER,** hereby certify that service of the foregoing **NOTICE OF REMOVAL** was made upon all interested counsel in the above matter by the United States First Class Mail on MARCH 26, 2018.

_____
**WARREN E. VOTER**

*EXHIBIT "A"*

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

JOEL HURWITZ             :
280 CRANBERRY DRIVE      :
HUNTINGDON VALLEY, PA 19006 :   JURY TRIAL DEMANDED
    Plaintiff            :
AND                      :   No: 171000832
HARRIET HURWITZ          :
280 CRANBERRY DRIVE      :
HUNTINGDON VALLEY, PA 19006 :
    Plaintiff            :
AND                      :
ROSALIE SHERMAN          :
280 CRANBERRY DRIVE      :
HUNTINGDON VALLEY, PA 19006 :
    Plaintiff            :
    V.                   :
LG ELECTRONICS USA INC.  :
1000 SYLVAN AVE.         :
ENGLEWOOD CLIFFS, NJ 07632 :
    Defendant            :

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

PHILADELPHIA BAR ASSOCIATION
1101 Market Street
11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6300

## AVISO

Case ID: 171000832

La han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas puede continuar la demanda en contra suya previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

*Lieva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

PHILADELPHIA BAR ASSOCIATION
1101 Market Street
11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6300

Case ID: 171000832

LAW OFFICE OF JOHN NEUMANN HICKEY
BY: JOHN NEUMANN HICKEY, ESQUIRE
ATTORNEY ID 61896
20 WEST FRONT STREET
MEDIA, PA 19063
610.891.8883
JNH@HICKEYLAW.NET                                                                 Attorney for Plaintiffs

**IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW**

| | |
|---|---|
| JOEL HURWITZ<br>280 CRANBERRY DRIVE<br>HUNTINGDON VALLEY, PA 19006<br>　　　　Plaintiff<br>AND<br>HARRIET HURWITZ<br>280 CRANBERRY DRIVE<br>HUNTINGDON VALLEY, PA 19006<br>　　　　Plaintiff<br>AND<br>ROSALIE SHERMAN<br>280 CRANBERRY DRIVE<br>HUNTINGDON VALLEY, PA 19006<br>　　　　Plaintiff<br>V.<br>LG ELECTRONICS USA INC.<br>1000 SYLVAN AVE.<br>ENGLEWOOD CLIFFS, NJ 07632<br>　　　　Defendant | JURY TRIAL DEMANDED<br><br>No: 171000832 |

## COMPLAINT

1.  All three plaintiffs are adult individuals who at all times relevant lived at 280 Cranberry Dr., Huntington Valley Pennsylvania. Plaintiffs Joel and Harriet Hurwitz are the owners of 280 Cranberry Dr., Huntington Valley Pennsylvania (hereinafter referred to as "the property").

2.  The defendant was at all times relevant a business Corporation with its principal place of business at 1000 Sylvan Ave., Englewood Cliffs, NJ. At all times relevant this defendant operated by and through its agents, servants and workmen who were working in the course and scope of their agency.

Case ID: 171000832

3.     At all times relevant hereto the defendant was a manufacturer of many products including dehumidifiers.

4.     The plaintiffs owned a dehumidifier which was manufactured and sold by the defendant. The dehumidifier was kept in the basement of plaintiff's home.

5.     On or about November 12, 2015 said dehumidifier did malfunction and as a result caused a fire which destroyed the house on the property. The fire originated within the dehumidifier.

6.     At the time of the fire Joel Hurwitz and Rosalie Sherman were at home. This fire caused personal injury to both of them.

7.     The fire destroyed the home on the property and its contents. The home on the property and its contents were owned by plaintiffs Joel and Harriet Hurwitz.

## COUNT I

## NEGLIGENCE

8.     Plaintiffs incorporate all preceding paragraphs as if set forth in full.

9.     The defendant owed a duty of reasonable care to plaintiff in regard to the design manufacture assembly inspection testing marketing and distribution of the dehumidifier.

10.    The damages suffered by the plaintiffs as described herein were direct and proximate result of the negligence of the defendant.

11.    The negligence of the defendant consisted of failing to adequately and safely design manufacture assemble sell test markets and distribute a properly functioning dehumidifier.

12.    Further defendant failed to warn the plaintiffs when defendant learned of ongoing problems with this dehumidifier which were causing fires.

13.    The negligence of the defendant also consisted of failing to ensure that the product was in compliance with all applicable standards.

Case ID: 171000832

14. As a result of the negligence of the defendant the plaintiffs were damaged as is set forth hereinafter.

## COUNT II

## STRICT LIABILITY

15. Plaintiffs incorporate all preceding paragraphs as if set forth in full.

16. At all times relevant here to the defendant was engaged in the business of designing assembling manufacturing and distributing dehumidifiers including the dehumidifier which malfunctioned and/or was improperly designed causing the fire at the plaintiffs' property.

17. At all times relevant here to the defendant designed assembled manufactured and distributed the dehumidifier in a defective condition unreasonably dangerous to the plaintiffs and the property.

18. At all times relevant the defendant knew or should have known the product would and did reach the plaintiffs without substantial change in the condition in which it was originally selected and sold.

19. The defects consisted of design defects, manufacturing defects, component defects, instruction and warning defects, and a failure to warn of the above said defects and or provide proper warning of the above said defects.

20. Defendant is strictly liable under Section 402 (a) of the Restatement (Second) of Torts, and subsequent Restatements and all applicable statutory and common law in the Commonwealth of Pennsylvania.

21. As a result of the unreasonably dangerous defects in a dehumidifier the plaintiffs were damaged as is set forth hereinafter.

Case ID: 171000832

## COUNT III

## BREACH OF EXPRESS AND IMPLIED WARRANTIES

22. Plaintiffs incorporate all preceding paragraphs as if set forth in full.

23. At the time of selling the product defendant knew or had reason to know of the particular purpose for which it would be used and knew that it's skill and judgment were being relied upon to furnish a suitable product.

24. Defendant did breach the implied warranties of fitness for a particular purpose, the product was not fit for the particular use for which it was intended. This is a violation of the Uniform Commercial Code.

25. Defendant breached implied warranties of merchantability as set forth in the Uniform Commercial Code as the dehumidifier was not fit for the purposes for which it was intended.

26. Defendant breached any and all express warranties set out for the plaintiffs at the time of the purchase of the dehumidifier.

27. As a result of the breach of the express and implied warranties the plaintiff was damaged as is set forth hereinafter.

## DAMAGES

28. Plaintiffs incorporate all preceding paragraphs as if set forth in full.

29. As a result of the conduct of the defendant as is set forth hereinabove plaintiffs Joel Hurwitz and Rosalie Sherman were both transported from the property to the hospital by ambulance and were treated for smoke inhalation. Plaintiff Joel Hurwitz sustained respiratory injuries, had burning in his throat and low oxygen levels and was required to stay in the hospital overnight. He continues to suffer from anxiety related to the fire and his injuries. Plaintiff

Rosalie Sherman was 94 years old and wheelchair-bound at the time of the fire. She was treated at the hospital for smoke inhalation and chest pains.

30. As a result of the conduct of the defendant as is set forth hereinabove plaintiffs Joel Hurwitz and Rosalie Sherman sustained personal injuries, had pain suffering and loss of life's pleasures, suffer from anxiety, and have had expenses for medical treatment and medications.

31. Plaintiffs Joel Hurwitz and Harriet Hurwitz are the co-owners of the property and its contents. Both plaintiffs had losses to the property and their personal property that was in excess of and/or not covered by their homeowners' insurance. Plaintiffs also lost a great deal of irreplaceable items such as family heirlooms and photographs.

32. Plaintiffs home was completely destroyed and took a great period of time to rebuild. During that time the plaintiffs suffered inconvenience and discomfort as they could not live in their own home.

33. The plaintiffs have property rights and privileges in respect to the use of the property and the lost the use and enjoyment of the property during the period of time the house had to be rebuilt. Plaintiffs had to live in temporary housing while the property was restored to its pre-fire condition causing them to miss holidays family gatherings and other significant events in their home.

34. The actions of the defendant as is set forth hereinabove resulted in a substantial invasion in the use of the subject property. The property rights and privileges of the plaintiffs in the enjoyment of the land was substantially interfered with. Plaintiffs were damaged as a result thereof.

**WHEREFORE**, the plaintiffs pray judgment against the defendant in an amount in excess of $50,000 each.

Case ID: 171000832

Respectfully Submitted,

_____
JOHN NEUMANN HICKEY

## VERIFICATION

I, JOHN NEUMANN HICKEY, hereby verify and say that the statements made in the foregoing documents are true and correct to the best of my knowledge, information, and belief. This verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
JOHN NEUMANN HICKEY

Case ID: 171000832

## CERTIFICATE OF SERVICE

I, John Neumann Hickey, Esquire, do hereby certify that a true and correct copy of the foregoing **Complaint** was served upon all parties of record via the Philadelphia County online filing system

BY: _____
John Neumann Hickey, Esquire
Attorney for Plaintiff

DATE: 3/5/2018

Case ID: 171000832